UNITED STATES of America,
Plaintiff—Appellee,

v.

Nicolas A. SALDANA, Defendant—
Appellant.

No. 01–50378.

D.C. No. CR–00–00481–RMT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided Jan. 9, 2003.

Before LAY,* CANBY and PAEZ,
Circuit Judges.

### MEMORANDUM **

Nicolas A. Saldana appeals the district court's denial of his motion to suppress and raises an *Apprendi* challenge to the constitutionality of 21 U.S.C. § 841. Because we conclude that Officer Carrera lacked reasonable suspicion to stop Saldana on the basis of lane straddling or driving under the influence, we reverse the district court's denial of Saldana's motion to suppress.[1] In addition, we hold that Saldana has waived his *Apprendi* argument by failing to preserve it as a ground for appeal in his conditional plea agreement, and that, in any event, the argument is foreclosed by our decision in *United States v. Buckland,* 289 F.3d 558 (9th Cir. 2002) (en banc).

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Saldana's co-defendant Jaime M. Hara joined in the motion.

## I.

We believe this case is controlled by our analysis and decision in *United States v. Colin & Estrada–Nava* (*"Estrada–Nava"*), Nos. 01–50140 and 01–50152, also filed today. In *Estrada–Nava*, as here, Estrada–Nava's and Colin's car slightly weaved within its lane and *touched*, but did not cross, the dividing lines on a highway. Like Saldana, Estrada–Nava and Colin were stopped for possible violations of California Vehicle Code §§ 21658(a) (lane straddling) and 23152(a) (driving under the influence).

We held in *Estrada–Nava* that Officer Carmichael lacked reasonable suspicion to stop Estrada–Nava and Colin for both lane straddling and driving under the influence. We reasoned that *touching* a lane line does not constitute lane straddling because it does not violate section 21658(a)'s requirement that drivers drive "as nearly as practical" within a single lane. Moreover, we concluded that Estrada–Nava and Colin did not engage in "pronounced weaving" for a "substantial distance" sufficient for Officer Carmichael to harbor a reasonable suspicion that they were under the influence.

 On the basis of our decision in *Estrada–Nava* and the fact that Saldana weaved *within* his lane and caused the vehicle's tires to *touch* the lane line without crossing into an adjacent lane, we conclude that Officer Carrera lacked reasonable suspicion to stop Saldana for lane straddling. Similarly, there was no other evidence, such as erratic driving or pronounced weaving over a substantial dis-

tance, to suggest that Saldana was driving under the influence. Officer Carrera therefore did not have reasonable suspicion to stop him for this reason. As a result, the district court should have granted the motion to suppress.[2] Accordingly, we reverse and remand.

REVERSED and REMANDED.

---

2. Because we reversed the district court's ruling on the motion to suppress, we need not address Saldana's challenge under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We note, however, that not only did he waive this argument, but his challenge is foreclosed by *United States v.*

*Buckland*, 289 F.3d 558, 562 (9th Cir.2002) (en banc) (holding that § 841 is not facially unconstitutional).

